IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| PATRICIA ANN SAFFORD,<br>    Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br>    Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-1122 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): <u>Patricia Ann Safford</u>.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: <u>N/A</u>, as <u>N/A</u> of the estate of <u>N/A</u>, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): <u>N/A</u>.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: <u>N/A</u>.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   <u> X </u> Novo Nordisk Inc.

   <u> X </u> Novo Nordisk A/S

   <u>    </u> Eli Lilly and Company

   <u>    </u> Lilly USA, LLC

   <u>    </u> other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Fairfield, Connecticut

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Connecticut

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Connecticut

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Fairfield, Connecticut

10. Jurisdiction is based on:

    __X__   diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____   other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the District of Connecticut

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

    _____   other (plead in sufficient detail as required by applicable rules):

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

## **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

     **X**     Ozempic (semaglutide)

     _____     Wegovy (semaglutide)

     _____     Rybelsus (oral semaglutide)

     _____     Victoza (liraglutide)

     _____     Saxenda (liraglutide)

     _____     Trulicity (dulaglutide)

     _____     Mounjaro (tirzepatide)

     _____     Zepbound (tirzepatide)

     _____     Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Plaintiff used the Ozempic in approximately March of 2023.

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    \_\_\_\_\_ Gastroparesis

    \_\_X\_\_ Other gastro-intestinal injuries (specify) <u>Impairment of Gastric Emptying with Symptoms</u>

    \_\_\_\_\_ Ileus

    \_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

    \_\_X\_\_ Intestinal Obstruction

    \_\_\_\_\_ Necrotizing Pancreatitis

    \_\_\_\_\_ Gallbladder Injury (specify) _____

    \_\_\_\_\_ Micronutrient Deficiency

    \_\_\_\_\_ Wernicke's encephalopathy

    \_\_\_\_\_ Aspiration

    \_\_\_\_\_ Death

    \_\_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    <u>Plaintiff's injuries occurred in approximately March of 2023.</u>

    <u>Plaintiff further contends ongoing complications related to the underlying injuries and hereby does not waive any future complications.</u>

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental

5

anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    __X__ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## **CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    _____ Count I:     Failure to Warn – Negligence

    _____ Count II:     Failure to Warn – Strict Liability

    _____ Count III:     Breach of Express Warranty/Failure to Conform to Representations

    _____ Count IV:     Breach of Implied Warranty

    _____ Count V:     Fraudulent Concealment/Fraud by Omission

    _____ Count VI:     Fraudulent/Intentional Misrepresentation

    _____ Count VII:     Negligent Misrepresentation/Marketing

    _____ Count VIII:     Strict Product Liability Misrepresentation/Marketing

    _____ Count IX:     Innocent Misrepresentation/Marketing

    _____ Count X:     Unfair Trade Practices/Consumer Protection (see below)

    _____ Count XI:     Negligence

    \_\_\_\_\_   Count XII:  Negligent Undertaking

    \_X\_\_   Count XIII: State Product Liability Act (see below)

    \_\_\_\_\_   Count XIV: Wrongful Death

    \_\_\_\_\_   Count XV:  Loss of Consortium

    \_\_\_\_\_   Count XVI: Survival Action

    \_\_\_\_\_   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

_____

_____

_____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:\*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       Conn. Gen. Stat. §§ 52-572M through 52-572q, 52-240a, 52-240b

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

       Negligence, Failure to Warn-Negligence, Failure to Warn-Strict Liability, Breach of Express Warranty, Breach of Implied Warranty, Fraudulent Concealment and Misrepresentation, Negligent Concealment and Misrepresentation

    a. Identify the factual allegations supporting those claims:

       Plaintiff incorporates Counts I, II, III, IV, V, VI, VII, VIII, IX, XI and XII of the Amended Master Complaint, dated August 29, 2025, as though fully set forth herein.

       Plaintiff alleges that Defendants' medication(s) as alleged herein were defectively designed, manufactured, marketed and sold in that they can result in unreasonable and increased risk of the injury(s) alleged herein.

       Plaintiff alleges that Defendants knew or should have known of the unreasonable and increased risk of the injury(s) alleged herein and otherwise failed to warn Plaintiff and/or Plaintiff's healthcare providers.

Plaintiff alleges that Defendants fraudulently concealed and misrepresented the unreasonable and increased risk of the injury(s) alleged herein.

Plaintiff alleges that Defendants' directly and proximately caused Plaintiff's injury(s).

***Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A</u>. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: February 20, 2026

By:

W. Cameron Stephenson

FL Bar No. 51599

Levin, Papantonio, Proctor, Buchanan, O'Brien,

Barr & Mougey, P.A.

316 South Baylen Street, Suite 600

Pensacola, FL 32502

cstephenson@levinlaw.com

+1(850) 435-7000

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).